IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILMA BROWN, on behalf of
the HENNY PENNY
CORPORATION EMPLOYEE
STOCK OWNERSHIP PLAN, and
on behalf of a class of all other
persons similarly situated,

    Plaintiff,

v.

WILMINGTON TRUST, N.A., as
successor to Wilmington Trust
Retirement and Institutional
Services Company,

    Defendant.

:
:
:
:
Case No. 3:17-cv-250

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING MOTION OF HENNY PENNY
CORPORATION TO INTERVENE AS A LIMITED-IN-SCOPE THIRD
PARTY PLAINTIFF (DOC. #11); DIRECTING CLERK OF COURTS TO
FILE HENNY PENNY'S THIRD-PARTY COMPLAINT (DOC. #11-1)
AND TERMINATE HENNY PENNY AS A PARTY TO THIS ACTION

---

Henny Penny has filed a Motion to Intervene as a Limited-in-Scope Third-Party Plaintiff, Doc. #11. Plaintiff Wilma Brown seeks denial of this motion. For the reasons set forth below, the Court finds that, although Henny Penny is not entitled to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, permissive intervention under Rule 24(b) is warranted. Accordingly, the Court sustains Henny Penny's motion.

I.  Factual Background and Procedural History

Henny Penny Corporation ("Henny Penny") is a foodservice manufacturing company. In 2014, Henny Penny introduced the Henny Penny Corporation Employee Stock Ownership Plan (the "Plan"), a pension plan designed to invest in employer securities of Henny Penny. Participants in the Plan include employees of Henny Penny, as well as employees of a few other corporations. The Henny Penny Employee Stock Ownership Trust (the "Trust") holds Henny Penny securities on behalf of the Plan Participants and was established in connection with the Plan. Henny Penny is the Settlor and Plan Sponsor and, in that capacity, has the authority to amend the Plan and appoint Trustees and Administrators.

On November 5, 2014, Henny Penny entered into the Transactional Trustee Engagement Agreement with Wilmington Trust, N.A. ("Wilmington Trust"). Pursuant to that Agreement, Henny Penny appointed Wilmington Trust as Discretionary Trustee of the Plan. As Trustee, Wilmington Trust has the exclusive duty and discretion to manage and control the assets of the Plan. Further, the Trustee Engagement Agreement contains an indemnification clause which provides that Henny Penny, as the Plan Sponsor, is responsible for all of Wilmington Trust's defense costs "incurred with respect to[,] any threatened or actual investigations, claims, legal proceedings, actions, suits, or arbitrations related in any way to the Engagement," unless Wilmington Trust is found to have "breach[ed] . . . its fiduciary duties under Title I of ERISA." Doc. #11-2, PageID##176-77.

This litigation arose out of Wilmington Trust's approval of the Employee Stock Ownership Plan Transaction (the "ESOP Transaction") on December 30, 2014, in which the Plan purchased, from party-in-interest sellers, 1.6 million shares of Henny Penny Stock for $165,000,000. Wilmington Trust, in its capacity as Trustee, represented the Plan and its participants in the ESOP Transaction and had the sole and exclusive authority in deciding whether to proceed with that transaction.

On July 27, 2017, Plaintiff Wilma Brown, a past employee of Henny Penny and a participant in the Plan, brought this action against Wilmington Trust on behalf of the Plan and all participants of the Plan. Plaintiff alleges that Wilmington Trust, in its discretionary authority as Trustee of the Plan, breached its fiduciary duty in violation of the Employee Retirement Income Security Act ("ERISA") by causing the Plan to pay more than fair market value for Henny Penny stock.

Plaintiff also challenges the validity of a mandatory arbitration procedure clause ("Arbitration Procedure"), which was added to the Plan by amendment in a restated version of the Plan effective as of January 1, 2017. The Arbitration Procedure provides that "any claim by a Claimant which arises out of, relates to, or concerns this Plan, . . . including . . . claims for breach of fiduciary duty [and] ERISA § 502 claims, . . . shall be settled by binding arbitration." Doc. #1-1, PageID#102. The Arbitration Procedure further provides that "[a]ll Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis." *Id.*

3

Pending before the Court is the issue of whether Henny Penny should be allowed to intervene in Plaintiff's underlying action against Wilmington Trust. Henny Penny has filed a Motion to Intervene as a Limited-in-Scope Third Party Plaintiff under Rule 24 of the Federal Rules of Civil Procedure, seeking a declaratory judgment affirming the validity and enforceability of the Arbitration Procedure as applied to the claims asserted by Plaintiff Wilma Brown. Doc. #11. That motion is now fully briefed.

## II. Standing and Subject Matter Jurisdiction

Henny Penny's sole purpose for intervention is to obtain a declaratory judgment that the Plan's Arbitration Procedure is valid and enforceable against Plaintiff. As Henny Penny notes, this is the mirror image of Count II of Plaintiff's Complaint, which alleges that this Arbitration Procedure is invalid.

Plaintiff, however, argues that Henny Penny does not have Article III standing, nor standing under ERISA, to bring its declaratory judgment claim. Plaintiff also argues that this Court lacks subject matter jurisdiction over that claim. For the reasons set forth below, the Court disagrees with Plaintiff's arguments.

### A. Standing

Henny Penny need not possess Article III standing because it does not seek relief beyond that which is sought by Plaintiff. In *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017), the Supreme Court held that a party seeking to intervene as of right "must have Article III standing in order to pursue

relief that is *different* from that which is sought by a party with standing." *Id.* at 1651 (emphasis added). Here, because Henny Penny seeks the same relief as Plaintiff—a judicial determination as to the enforceability of the Arbitration Procedure as applied to Plaintiff—Henny Penny need not establish Article III standing.

Nevertheless, Henny Penny does, in fact, have Article III standing. Article III's actual controversy requirement on a declaratory judgment claim requires that "the parties have 'adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment' even though the injury-in-fact has not yet been completed." *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). In this case, there is an actual controversy regarding the validity and enforcement of Henny Penny's Arbitration Procedure with respect to the claims that Plaintiff has asserted against Wilmington Trust. Plaintiff maintains that she is not bound by the Arbitration Procedure; Henny Penny disagrees. These adverse interests are immediate and real.

Henny Penny also has standing under ERISA to bring its declaratory judgment claim. Plaintiff is correct that Henny Penny is an Employer and Plan Sponsor, and that plan sponsors and employers typically lack standing to sue under ERISA § 502(a). However, Henny Penny is also a limited fiduciary due to its authority to appoint and remove a Plan Administrator and Trustee, as well as its independent authority to amend the Plan.

Courts have held that plan sponsors with limited fiduciary duties may bring lawsuits related to those duties. For instance, the Fourth Circuit held that a plan sponsor had standing to bring a lawsuit related to its fiduciary duty to appoint and remove other fiduciaries, and "'to monitor appropriately' those subject to removal." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1466 (4th Cir. 1996). Here, Plaintiff is challenging the actions of Wilmington Trust, a fiduciary over whom Henny Penny has appointing authority and a duty to monitor. In addition, the Arbitration Procedure at issue was added by Henny Penny via an amendment to the Plan.

Accordingly, the Court finds that Henny Penny has standing under Article III and under ERISA to bring its declaratory judgment action.

**B.     Subject Matter Jurisdiction**

Plaintiff also argues that the Court lacks subject matter jurisdiction over Henny Penny's motion to compel arbitration because the Federal Arbitration Act, 9 U.S.C. § 4, requires an independent jurisdictional basis over "the subject matter of a suit arising out of the controversy between the parties." Plaintiff argues that, because she has asserted no claims against Henny Penny, the Court lacks subject matter jurisdiction over Henny Penny's declaratory judgment claim. In support, she cites *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009), in which the Supreme Court held that a federal court must "look through" a motion to compel arbitration to determine whether it is predicated on an action that "arises under" federal law.

Here, however, there is no question that the Court has subject matter jurisdiction over the underlying dispute in this matter, which arises out of ERISA. ERISA claims are "necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987). Moreover, "[a] federal district court is the right forum for a dispute about the meaning of ERISA and the validity of changes to a welfare-benefit plan." *NewPage Wis. Sys. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy Allied Indus. and Serv. Workers Int'l Union*, 651 F.3d 775, 777 (7th Cir. 2011).

Moreover, pursuant to 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Henny Penny's declaratory judgment claim falls squarely within this subsection of the statute.

Accordingly, the Court has subject matter jurisdiction over Henny Penny's declaratory judgment claim. The Court turns, then, to the merits of Henny Penny's Motion to Intervene.

### III. Analysis

Pursuant to Fed. R. Civ. P. 24, a non-party may move to intervene in a civil action. The rule provides for two types of intervention: 1) intervention of right,

which requires that the court allow a non-party to intervene, and 2) permissive intervention, which is granted at the court's discretion. Fed. R. Civ. P. 24(a), (b). Henny Penny argues that intervention is appropriate under both subsections of Rule 24. "When possible, Fed. R. Civ. P. 24 is to be construed broadly in favor of intervention." *Shy v. Navistar Int'l Corp.*, 291 F.R.D. 128, 132 (S.D. Ohio 2013).

### A. Timeliness

The Court turns first to the threshold issue of timeliness. *See Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (holding that a proposed intervention need not be considered further upon a finding of untimeliness). Regardless of whether a movant seeks to intervene of right or to intervene permissively, "the court where the action is pending must first be satisfied as to timeliness." *NAACP v. New York*, 413 U.S. 345, 365 (1973). The Court considers the following factors:

> 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill*, 636 F.3d at 284 (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

In this case, Henny Penny filed its Motion to Intervene within two months after Plaintiff filed her Complaint. Neither party in the original action disputes that

the motion was timely filed. Likewise, the Court is satisfied as to the timeliness of Henny Penny's Motion to Intervene.

### B. Intervention of Right

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention of right when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In order to be granted leave to intervene as of right, a potential intervenor must show:

> (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest.

*Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule." *Blount-Hill*, 636 F.3d at 283. Since the first element of timeliness is not disputed by the parties in this case, the Court turns to the remaining three elements.

#### 1. *Substantial Legal Interest*

First, Henny Penny must show that it has a "substantial legal interest in the subject matter of the case" in which intervention is sought. *Grutter*, 188 F.3d at 397-98. The Sixth Circuit subscribes to a "rather expansive notion of the interest

9

sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id.* Further, the Sixth Circuit has held that "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Id.* at 1247.

As the Sponsor and Settlor of the Plan, Henny Penny has a substantial legal interest in the subject matter of this case. First, Henny Penny has a substantial interest in ensuring that its intentions as Settlor—particularly regarding the Plan's Arbitration Procedure—are adequately preserved in this litigation. Second, as Plan Sponsor, Henny Penny has a substantial financial interest in efficient litigation due to its contractual indemnification obligations to Wilmington Trust. This interest is substantial because, as the Supreme Court has held, "[t]he FAA's overarching purpose is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate informal, streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Additionally, the Court stated that arbitration is desirable because it "reduc[es] the cost and increas[es] the speed of dispute resolution." *Id.* at 345. Therefore, Henny Penny's interest in the validity and enforceability of the Arbitration Procedure, which is the subject matter of this case, is substantial.

   2. *Impairment*

Henny Penny must also show that, absent intervention, its "ability to protect [its] interest may be impaired." *Grutter*, 188 F.3d at 398. "To satisfy this element

10

of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied" and the "burden [of persuasion] is minimal." *Michigan State AFL-CIO*, 103 F.3d at 1247 (emphasis added).

Plaintiff seeks to avoid application of the Arbitration Procedure. As previously discussed, Henny Penny has a substantial interest in compelling arbitration because of its desire to preserve the integrity of the Plan as Settlor, and because individual arbitration will undoubtedly be less expensive than class-wide litigation. Henny Penny argues that, as the appointing authority who amended the Plan to include the Arbitration Procedure, it has a greater interest in enforcing that Procedure than does Wilmington Trust. Wilmington Trust is not a signatory to the Plan and is not contractually required to demand compliance with the Arbitration Procedure.

Therefore, it would not be unreasonable to conclude that Henny Penny's ability to protect its interest in compelling arbitration could be impaired if it is not allowed to intervene. For this reason, Henny Penny has overcome the minimal burden necessary to satisfy the impairment element to intervene as of right.

3. *Inadequate Representation*

Finally, Henny Penny must show that the parties already before the Court "may not adequately represent" Henny Penny's interest. *Grutter*, 188 F.3d at 398. This burden is minimal, requiring Henny Penny to show only that "there is a potential for inadequate representation." *United States v. Michigan*, 424 F.3d

11

438, 443 (6th Cir. 2005). However, "applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *Id.* at 443-44. Here, Henny Penny and Wilmington Trust share the same objective—they each ask the Court to compel arbitration of Plaintiff's claims. Therefore, Henny Penny must overcome the presumption that its interest is adequately represented by Wilmington Trust.

"An applicant for intervention fails to meet his burden of demonstrating inadequate representation 'when no collusion is shown between the representatives and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of his duty.'" *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (quoting *Wade v.* Goldschmidt, 673 F.2d 182, 186 n.7 (7th Cir. 1982)).

Henny Penny does not allege that Wilmington Trust colluded with Wilma Brown or failed to fulfill any duty owed to Henny Penny. Nor does Henny Penny identify any interests that are adverse to Wilmington Trust's with respect to enforcement of the Arbitration Procedure. Henny Penny simply argues that Wilmington Trust has only a secondary interest in enforcing the Arbitration Procedure, and may not litigate this issue as vigorously as Henny Penny would like.

The Sixth Circuit has held that, with respect to inadequate representation, "it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Grutter*, 188

F.3d at 400. Henny Penny, however, has failed to identify any specific arguments that Wilmington Trust is unable or unwilling to advance in connection with Wilmington Trust's own Motion to Compel Arbitration. None is suggested in Henny Penny's motion or its reply brief. Docs. ##11, 19.

Henny Penny further suggests that Wilmington Trust might have a competing interest with respect to the payment of defense costs. As delineated in the Trust Agreement, Henny Penny must advance Wilmington Trust's defense costs; however, if Wilmington Trust is found liable for breaching its fiduciary duties to the Plan, then it is required to reimburse Henny Penny for all defense costs. Henny Penny suggests that Wilmington Trust therefore might have a greater interest in settling the case in order to avoid a formal finding of breach of fiduciary duty. This may be true, but Henny Penny fails to explain how this affects the adequacy of Wilmington Trust's representation concerning the question of arbitrability.

The Court finds that, even though Henny Penny may have a greater interest in enforcing the Arbitration Procedure, Henny Penny has failed to show that Wilmington Trust's current representation is inadequate. As Plaintiff notes, Wilmington Trust has already filed a Motion to Compel Arbitration, presumably because, like Henny Penny, it believes that arbitration will be less expensive than litigation. This indicates that their interests "are not adverse but aligned." Doc. #16, PageID#233.

Given that Henny Penny has not demonstrated that its interests in compelling arbitration are inadequately represented by Wilmington Trust, Henny Penny is not entitled to intervention as of right. It may, however, still be permitted to intervene under Fed. R. Civ. P. 24(b).

C. **Permissive Intervention**

Rule 24(b) of the Federal Rules of Civil Procedure provides the Court with the discretionary authority to permit intervention when the proposed intervenor's motion for intervention is timely and asserts "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Michigan*, 424 F.3d at 445.

Henny Penny meets the two necessary requirements for the Court to grant permissive intervention. As previously stated, the timeliness of Henny Penny's Motion to Intervene is not an issue in this case. Also, Henny Penny's declaratory judgment claim pertains to the validity and enforceability of the Plan's Arbitration Procedure, which raises the exact same question of law or fact as the second count in Plaintiff's Complaint.

Permitting Henny Penny to intervene in this case will not cause undue delay nor prejudice the original parties in this action. Henny Penny seeks to intervene for the sole purpose of adjudicating the issue of arbitration at the outset of this

14

litigation, and it has already filed a Motion to Compel Arbitration. Wilmington Trust has also filed a separate Motion to Compel Arbitration which incorporates Henny Penny's arguments, and Plaintiff has addressed those arguments in her Opposition. Because the motions to compel are fully briefed, permitting Henny Penny to intervene will not cause undue delay nor prejudice the original parties in this action.

While Henny Penny does not overcome the presumption of adequate representation to intervene as of right, it is far from an outside observer in this case. Henny Penny is the Plan Sponsor, Settlor, and appointing fiduciary with amendment authority. The Arbitration Procedure at issue was added to the Plan by Henny Penny. Therefore, although Henny Penny cannot currently show that its interests would not be adequately represented by Wilmington Trust, its unique perspective could have a potential impact on the resolution of the arbitration procedure issue.

Accordingly, Henny Penny is permitted to intervene in this case under Rule 24(b).

IV. Conclusion

For the reasons set forth above, the Court SUSTAINS Henny Penny's Motion to Intervene as a Limited-in-Scope Third Party Plaintiff, Doc. #11, pursuant to Federal Rule of Civil Procedure 24(b). The Clerk is DIRECTED to detach and file the Third-Party Complaint of Henny Penny Corporation, attached as Exhibit A to Document #11.

15

Permitting Henny Penny to intervene allows the Court to consider the arguments presented in Henny Penny's Motion to Compel Individual Arbitration and to Strike Any Claims Purportedly Brought on a Class or Representative Basis, Doc. #13, and its Reply, Doc. #19. Given that the Court is contemporaneously overruling that Motion, however, it would appear that Henny Penny's "limited-in-scope" intervention has come to an end. Accordingly, the Clerk is also DIRECTED to terminate Henny Penny as a party to this action.

Date: July 23, 2018

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE