# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| WILMA BROWN, on behalf of the HENNY PENNY CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN, and on behalf of a class of all other persons similarly situated, | : : : : | CASE NO. 3:17-cv-250 Judge Walter H. Rice |
| Plaintiffs, | : | |
| v. | : | **THIRD PARTY COMPLAINT OF HENNY PENNY CORPORATION** |
| WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, | : : | |
| Defendants. | : | |

_____

Intervenor and Third Party Plaintiff Henny Penny Corporation states and alleges as follows:

## IDENTIFICATION OF PARTIES

1. Intervenor and Third Party Plaintiff Henny Penny Corporation ("Henny Penny") is an Ohio corporation. Henny Penny is headquartered at 1219 U.S. Route 35 West, Eaton, Ohio 45320.

2. Plaintiff and Third Party Defendant Wilma Brown alleges that she is a former Henny Penny employee and a current participant in the Henny Penny Employee Stock Ownership Plan (the "Plan"). Third Party Defendant Brown alleges that she resides in Eaton, Ohio.

3. Defendant Wilmington Trust, N.A. ("Wilmington Trust") is a trust company chartered in Delaware. Its main office is at 1100 North Market Street, Wilmington, Delaware 19890. Wilmington Trust, N.A., successor by merger to Wilmington Trust Retirement and Institutional Services Company, is a wholly-owned subsidiary of Wilmington Trust Corporation, which is, in turn, a wholly-owned subsidiary of M&T Bank Corporation. Wilmington Trust Corporation is also headquartered at 1100 North Market Street, Wilmington, Delaware 19890. M&T Bank Corporation is headquartered in Buffalo, New York. Defendant Wilmington Trust is not named as a Third Party Defendant in this Complaint, but is relevant for purposes of background information.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Henny Penny's Third Party declaratory judgment claim pursuant to ERISA § 502(a), (e), 29 U.S.C. § 1123(a), (e), as well as 28 U.S.C. § 1367(a), as the declaratory judgment claim is part of the same case and controversy as Plaintiffs' ERISA claims.

5. Venue of the underlying action is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this District and Plaintiff filed her Complaint in this District.

6. This Court has personal jurisdiction over Third Party Defendant Brown because Brown is a citizen of the State of Ohio, and subjected herself to this Court's jurisdiction by filing the underlying Complaint.

## BACKGROUND FACTS

7.      In 2014, Henny Penny established the Henny Penny Corporation Employee Stock Ownership Plan (the "Plan") for the benefit of its employees. The Plan is designed to invest primarily in the qualified employer securities of Henny Penny. The Henny Penny Employee Stock Ownership Trust (the "Trust") was established in connection with the Plan, and holds Henny Penny securities on behalf of the Plan Participants.

8.      The Plan is a pension plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1).

9.      Henny Penny is the "Sponsoring Employer" under the terms of the Plan, and the Plan Sponsor within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). Third Party Defendant Brown alleges that Henny Penny is the Administrator of the Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), and a Plan fiduciary. Doc. No. 1 ("Compl."), ¶¶ 39-42, PageID 7.

10.     All of the Plan's Forms 5500, Annual Report/Return of the Employee Benefit Plan, identify Henny Penny as the Sponsoring Employer of the Plan.

11.     Henny Penny is a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14)(A), (C).

12.     Henny Penny appointed Wilmington Trust as the Trustee of the Plan in 2014. Wilmington Trust represented the Plan's interests in the transaction that formed the ESOP (the "ESOP Transaction") as a Discretionary Trustee (pursuant to ERISA § 403(a), 29 U.S.C. § 1103(a)), and continues to serve the Plan as Directed Trustee (pursuant to ERISA § 403(a)(1), 29 U.S.C. § 1103(a)(1)) through the present day.

3

13. The Plan's written document was amended and restated effective as of January 1, 2017 (the "2017 Restated Plan"). Included in the Plan as a result of that amendment is a mandatory arbitration process for the adjudication of any claim that "arises out of, relates to, or concerns the Plan, the Trust, or the Trust Fund[.]" (the "Arbitration Procedure"). Compl., PageID 102. Third Party Defendant Brown received notice of the 2017 Restated Plan, including the Arbitration Procedure, in 2017, before she filed her underlying Complaint in this action.

14. On July 27, 2017, Third Party Defendant Brown, on behalf of the Plan and all participants and beneficiaries of the Plan, brought the underlying action against Wilmington Trust, challenging, among other things, Wilmington Trust's conduct as part of the ESOP Transaction.

15. Third Party Defendant Brown's complaint alleges that Wilmington Trust violated obligations to the Plan participants by approving an unreasonable valuation of Henny Penny's common stock in connection with the ESOP Transaction. She also disputes certain provisions contained in the Plan as a result of the amendment and restatement.

16. Third Party Defendant Brown challenges the validity and enforceability of the Arbitration Procedure. Compl., ¶¶ 77-84, PageID 13-15. Third Party Defendant Brown asserts that the Arbitration Procedure is unlawful under ERISA and violates applicable provisions of the Internal Revenue Code. Id. at ¶84, PageID 15. This claim gives rise to the instant Third Party Complaint of Henny Penny.

17. The Arbitration Procedure contained in the Plan provides in part that: "As a condition to any (i) Employee becoming eligible to participate in the Plan, (ii) any Employee, Participant, or Beneficiary receiving any contributions to his or her Plan account, and/or (iii) any

4

Employee, Participant, or Beneficiary receiving any benefit under this Plan, such Employee, Participant, or Beneficiary shall be bound, and hereby is bound, to follow and comply with the provisions of this Arbitration Procedure to resolve all Covered Claims." Compl., ¶80, PageID 13-14.

18. The Plan defines "Covered Claims" as including: "Any claim by a Claimant which arises out of, relates to, or concerns this Plan, the Trust, or the Trust Fund, including without limitation, . . . any claim asserting a breach of, or a failure to follow, any provision of ERISA or the Code." Compl., ¶81, PageID 14.

19. The Plan's Arbitration Procedure provides that only individual claims can be brought by a participant or beneficiary against the Plan or any fiduciary of the Plan, including the Trustee. The Plan states: "**No Group, Class, or Representative Arbitrations.** All covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis. Each arbitration shall be limited solely to one Claimant's Covered Claims and that Claimant may not seek to receive any remedy which has the purpose or effect of providing additional benefits or monetary or other relief to any employee, participant or beneficiary other than Claimant." Compl., ¶83, PageID 14.

20. Henny Penny contends that the Arbitration Procedure in the Plan is valid and enforceable, and does not violate any applicable ERISA or Internal Revenue Code provision. Third Party Defendant Brown alleges that the Arbitration Procedure is invalid and unenforceable under ERISA and the Internal Revenue Code. Compl., ¶84, PageID 15.

21. There is an actual controversy between Third Party Plaintiff Henny Penny and Third Party Defendant Wilma Brown, regarding the validity and enforceability of the Arbitration Procedure.

## COUNT I:  DECLARATORY JUDGMENT
### (Validity of the Arbitration Procedure)

22. Henny Penny incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. There is a real, justiciable controversy between and among Third Party Plaintiff Henny Penny and Third Party Defendant Brown that this Court can finally adjudicate and resolve. Such adjudication would be useful in clarifying the appropriate means by which the case should proceed, and settling the legal relations at issue in the case.

24. As set forth in the preceding paragraphs and in Third Party Defendant Brown's Complaint against Defendant Wilmington Trust, the Plan requires Claimants, including Third Party Defendant Brown and all putative class members, to comply with the Arbitration Procedure to resolve all Covered Claims, including all claims asserted in Third Party Defendant Brown's underlying Complaint.

25. Henny Penny contends that the Plan, including but not limited to, the Arbitration Procedure contained therein, is valid and enforceable.

26. Henny Penny therefore seeks, and is entitled to, a declaration of the Court pursuant to 28 U.S.C. § 2201(a) and ERISA § 501(a), 29 U.S.C. § 1132(a), that the Arbitration Procedure is valid and enforceable as a matter of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Henny Penny Corporation as Third-Party Plaintiff prays for judgment against Third-Party Defendant Brown and for the following relief:

    A.    Declare that the Arbitration Provision of the Plan is valid and enforceable;

    B.    Declare that the claims brought by Third Party Defendant Brown against Defendant Wilmington Trust can and should be resolved in arbitration solely on an individual basis;

    C.    Declare that Third Party Defendant Brown can and must proceed in arbitration on her individual claims against Wilmington Trust and may not proceed on any class, collective, or representative claim;

    D.    Award Third Party Plaintiff Henny Penny attorneys' fees and costs incurred as a result of bringing this action to enforce the terms of the Plan, pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g)(1); and

    E.    Award such other and further relief as the Court deems equitable and just.

Dated:  September 28, 2017

                                                           Respectfully submitted,

                                                           /s/ D. Jeffrey Ireland
                                                           D. Jeffrey Ireland (0010443)
                                                             Trial Attorney
                                                           Jason W. Palmer (0088336)
                                                           Jennifer L. Dollard (0093624)
                                                           FARUKI IRELAND COX
                                                           RHINEHART & DUSING PLL
                                                           110 North Main Street, Suite 1600
                                                           Dayton, OH  45402
                                                           Telephone:   (937) 227-3710
                                                           Telecopier:   (937) 227-3717
                                                           Email:        djireland@ficlaw.com
                                                                             jpalmer@ficlaw.com
                                                                             jdollard@ficlaw.com

                                                           Attorneys for Intervening Third-Party Plaintiff
                                                           Henny Penny Corporation

## **CERTIFICATE OF SERVICE**

I certify that on the 28th day of September, 2017, I electronically filed the foregoing Third Party Complaint of Intervenor Henny Penny Corporation with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

Brian K. Murphy
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, Ohio 43215
murphy@mmmb.com

Gregory Y. Porter
Ryan T. Jenny
BAILEY & GLASSER LLP
1054 31st Street, NW, Suite 230
Washington, D.C. 20007
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Attorneys for Third Party Defendant Wilma Brown et al.*

Caroline Gentry
PORTER WRIGHT MORRIS & ARTHUR
One Dayton Centre
One South Main Street, Suite 1600
Dayton, Ohio 45402
cgentry@porterwright.com

Michael J. Prame
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue NW, Suite 1200
Washington, D.C. 20006
mprame@groom.com

*Attorneys for Defendant Wilmington Trust, N.A.*

/s/ D. Jeffrey Ireland
D. Jeffrey Ireland