IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| WILMA BROWN, on behalf of the HENNY PENNY CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN, and on behalf of a class of all other persons similarly situated, | : : : : | CASE NO. 3:17-cv-250-WHR Judge Walter H. Rice |
| Plaintiffs, | : | |
| v. | : | **ANSWER** |
| WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, | : : | |
| Defendants. | : | |

Defendant Wilmington Trust, N.A. ("Wilmington Trust"), by and through undersigned counsel, hereby respectfully submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Wilma Brown dated July 27, 2017, Dkt. No. 1 ("Complaint").

**BACKGROUND**

1. Wilmington Trust admits that Plaintiff brings suit as alleged in Paragraph 1, but denies that any relief is available to Plaintiff.

2. Wilmington Trust denies the allegations in Paragraph 2.

3. Wilmington Trust admits that Plaintiff brings this action under ERISA §§ 406, 409, and 502(a), but denies that any relief is available to Plaintiff under ERISA. Wilmington Trust denies the remaining allegations in Paragraph 3.

4. Wilmington Trust denies the allegations in Paragraph 4.

5. Wilmington Trust denies the allegations in Paragraph 5.

6. Wilmington Trust admits that it serves as Trustee to the Plan in connection with a December 30, 2014 ESOP transaction in which the Henny Penny Corporation Employee Stock Ownership Plan purchased stock from Henny Penny Corporation (the "Henny Penny ESOP Transaction"). Wilmington Trust denies the remaining allegations in Paragraph 6.

7. Wilmington Trust denies the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 9.

10. Wilmington Trust denies the allegations in Paragraph 10.

11. Wilmington Trust denies the allegations in Paragraph 11.

## PARTIES

12. Wilmington Trust denies that Plaintiff has been a participant in the Plan at all relevant times. Wilmington Trust lacks knowledge or information sufficient to respond to the remaining allegations in Paragraph 12 and therefore denies the same.

13. Wilmington Trust denies the allegations in Paragraph 13.

14. Wilmington Trust admits that it served as Trustee to the Plan in connection with the Henny Penny ESOP Transaction. Wilmington Trust denies the remaining allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust admits that it was a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), but denies the remaining allegations in Paragraph 15.

16. Wilmington Trust admits the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust admits the allegations in Paragraph 17.

18. Paragraph 18 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 18.

19. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 19 and therefore denies the same.

20. Wilmington Trust admits the allegations in Paragraph 20.

21. Wilmington Trust admits the allegations in Paragraph 21.

22. Wilmington Trust admits the allegations in Paragraph 22.

23. Wilmington Trust admits the allegations in Paragraph 23.

24. Wilmington Trust admits the allegations in Paragraph 24.

25. Wilmington Trust admits the allegations in Paragraph 25.

26. Wilmington Trust admits the allegations in Paragraph 26.

27. Wilmington Trust lacks knowledge or information sufficient to respond to the first sentence of Paragraph 27 and therefore denies the same. Wilmington Trust admits the allegations in the second sentence of Paragraph 27.

28. Wilmington Trust admits the allegations in Paragraph 28.

29. Wilmington Trust admits the allegations in Paragraph 29.

30. Wilmington Trust admits the allegations in Paragraph 30.

31. Wilmington Trust admits the allegations in Paragraph 31.

32. Wilmington Trust admits the allegations in Paragraph 32.

33. Wilmington Trust admits the allegations in Paragraph 33.

34. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 34 and therefore denies the same.

35. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 35 and therefore denies the same.

36. Wilmington Trust admits the allegations in Paragraph 36.

37. Wilmington Trust admits the allegations in Paragraph 37.

38. Wilmington Trust admits the allegations in Paragraph 38.

39. Wilmington Trust admits the allegations in Paragraph 39.

40. Wilmington Trust admits the allegations in Paragraph 40.

41. Wilmington Trust admits the allegations in Paragraph 41.

42. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 42 and therefore denies the same.

43. Paragraph 43 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust admits the allegations in Paragraph 43.

44. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 44 and therefore denies the same.

45. Wilmington Trust admits that Henny Penny appointed Wilmington Trust as Trustee with respect to the Henny Penny ESOP Transaction in 2014. Wilmington Trust admits that it approved the Henny Penny ESOP Transaction. Wilmington Trust denies the remaining allegations in Paragraph 45.

46. Paragraph 46 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 46.

47. Wilmington Trust denies the allegations in Paragraph 47.

48. Wilmington Trust denies the allegations in Paragraph 48.

49. Wilmington Trust denies the allegations in Paragraph 49.

50. Paragraph 50 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 50.

51. Wilmington Trust admits the allegations in Paragraph 51.

52. Wilmington Trust admits the allegations in Paragraph 52.

53. Wilmington Trust admits the allegations in Paragraph 53 as they relate to the Henny Penny ESOP Transaction.

54. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 54 and therefore denies the same.

55. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 55 and therefore denies the same.

56. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 56 and therefore denies the same.

57. Wilmington Trust denies the allegations in Paragraph 57.

58. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 58 and therefore denies the same.

59. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 59 and therefore denies the same.

60. Wilmington Trust admits the allegations in Paragraph 60 as they relate to the Henny Penny ESOP Transaction.

61. Wilmington Trust admits the allegations in Paragraph 61 as they relate to the Henny Penny ESOP Transaction.

62. Paragraph 62 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust admits the allegations in Paragraph 62 as they relate to the Henny Penny ESOP Transaction.

63. Wilmington Trust admits the allegations in Paragraph 63 as they relate to the Henny Penny ESOP Transaction.

64. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 64 as they relate to the Henny Penny ESOP Transaction and therefore denies the same.

65. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 65 as they relate to the Henny Penny ESOP Transaction and therefore denies the same.

66. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 66 and therefore denies the same.

67. Wilmington Trust denies the allegations in Paragraph 67.

68. Wilmington Trust denies the allegations in Paragraph 68.

69. Wilmington Trust denies the allegations in Paragraph 69.

70. Wilmington Trust denies the allegations in Paragraph 70.

71. Wilmington Trust denies the allegations in Paragraph 71.

72. Wilmington Trust denies the allegations in Paragraph 72.

73. Wilmington Trust admits the allegations in Paragraph 73.

74. Wilmington Trust denies the allegations in Paragraph 74.

75. Wilmington Trust denies the allegations in Paragraph 75.

76. Wilmington Trust denies the allegations in Paragraph 76.

77. Wilmington Trust admits that the Plan as amended and restated effective January 1, 2017 contains a provision entitled "Mandatory and Binding Arbitration Procedure ('Arbitration Procedure')". Wilmington Trust denies the remaining allegations in Paragraph 77.

78. Wilmington Trust lacks knowledge or information sufficient to respond to the allegations in Paragraph 78 and therefore denies the same.

79. Wilmington Trust lacks knowledge or information with respect to Plaintiff's last date of employment, and therefore denies the same. Wilmington Trust denies the remaining allegations in Paragraph 79.

80. Wilmington Trust admits that the language quoted from the Plan as amended and restated effective January 1, 2017 is accurate, and avers that the Plan speaks for itself. Wilmington Trust denies the remaining allegations in Paragraph 80.

81. Wilmington Trust admits that the language quoted from the Plan as amended and restated effective January 1, 2017 is accurate, and avers that the Plan speaks for itself. Wilmington Trust denies the remaining allegations in Paragraph 81.

82. Wilmington Trust asserts that the language in the Plan as amended and restated effective January 1, 2017 speaks for itself, and otherwise denies the allegations in Paragraph 82.

83. Wilmington Trust admits that the language quoted from the Plan as amended and restated effective January 1, 2017 is accurate, and avers that the Plan speaks for itself. Wilmington Trust denies the remaining allegations in Paragraph 83.

84. Wilmington Trust denies the allegations in Paragraph 84.

85. Wilmington Trust admits that the language quoted from the Trust Agreement is accurate, and avers that the Trust Agreement speaks for itself. Wilmington Trust denies the remaining allegations in Paragraph 85.

86. Wilmington Trust admits that the language quoted from the Plan as amended and restated effective January 1, 2017 is accurate, and avers that the Plan speaks for itself. Wilmington Trust denies the remaining allegations in Paragraph 86.

87. Wilmington Trust admits that the Trust Agreement provides for Wilmington trust to have a "Right of Indemnification" and denies the remaining allegations in Paragraph 87.

88. Wilmington Trust denies the allegations in Paragraph 88.

89. Wilmington Trust admits that it sometimes enters into indemnification agreements outside of those contained in plan and trust documents. Wilmington Trust lacks knowledge or information sufficient to respond to Plaintiff's allegations regarding the documents in her possession, and therefore denies the same.

90. Wilmington Trust admits that it entered into an engagement agreement with Henny Penny outside of that contained in the Plan and Trust documents. Wilmington Trust denies the remainder of the allegations in Paragraph 90.

91. Wilmington Trust admits that the Arbitration Procedure identified in Section 12.21 of the Plan was not contained in the Plan prior to 2017. Wilmington Trust denies the remaining allegations in Paragraph 91.

**CLAIMS FOR RELIEF**

**COUNT I**

92. In answer to Paragraph 92 of the Complaint, Wilmington Trust repeats and realleges Paragraphs 1 through 91 of this Answer.

93. Paragraph 93 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 93.

94. Paragraph 94 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 94.

95. Paragraph 95 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 95.

96. Paragraph 96 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 96.

97. Wilmington Trust admits the allegations in Paragraph 97 of the Complaint.

98. Paragraph 98 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 98.

99. Paragraph 99 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 99.

100. Paragraph 100 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 101.

102. Paragraph 102 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 102.

103. Paragraph 103 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 103.

104. Paragraph 104 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 104.

105. Paragraph 105 contains legal conclusions for which no answer is required.  To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 105.

106. Paragraph 106 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 106.

## COUNT II

107. In answer to Paragraph 107 of the Complaint, Wilmington Trust repeats and realleges Paragraphs 1 through 106 of this Answer.

108. Paragraph 108 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 108.

109. Paragraph 109 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 110.

111. Paragraph 111 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 111.

112. Paragraph 112 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 112.

113. Paragraph 113 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 113.

114. Paragraph 114 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 114.

115. Paragraph 115 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 115.

116. Paragraph 116 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 116.

117. Paragraph 117 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 117.

118. Paragraph 118 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 118.

119. Paragraph 119 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 119.

120. Paragraph 120 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 120.

121. Paragraph 121 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 121.

122. Paragraph 122 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 122.

123. Paragraph 123 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 123.

124. Paragraph 124 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 124.

## COUNT III

125. In answer to Paragraph 125 of the Complaint, Wilmington Trust repeats and realleges Paragraphs 1 through 124 of this Answer.

126. Paragraph 126 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 126.

127. Wilmington Trust asserts that the language in the Plan as amended and restated effective January 1, 2017 speaks for itself, and otherwise denies the allegations in Paragraph 127.

128. Paragraph 128 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 128.

129. Wilmington Trust asserts that the language in the Trust Agreement speaks for itself, and otherwise denies the allegations in Paragraph 129.

130. Paragraph 130 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 130.

131. Paragraph 131 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 131.

132. Paragraph 132 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 132.

133. Paragraph 133 contains legal conclusions for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 133.

## CLASS ACTION ALLEGATIONS

134. Wilmington Trust admits that Plaintiff brings this action as a class action, but denies that class certification is appropriate and further denies that classwide relief is available to the putative class.

135. Paragraph 135 contains conclusions of law for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 135.

136. Paragraph 136 contains conclusions of law for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 136.

137. Paragraph 137 contains conclusions of law for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 137.

138. Paragraph 138 contains conclusions of law for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 138.

139. Paragraph 139 contains conclusions of law for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 139.

140. Paragraph 140 contains conclusions of law for which no answer is required. To the extent a response is required, Wilmington Trust denies the allegations in Paragraph 140.

141. Wilmington Trust denies the allegations in Paragraph 141.

In addition to the responses set forth in paragraphs 1 through 141 of this Answer, Wilmington Trust denies each and every allegation of fact and conclusion of law in the Complaint not otherwise specifically admitted in this Answer, and Wilmington Trust denies that Plaintiff is entitled to the relief demanded in the Complaint or to any relief whatsoever.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant hereby gives notice that it may rely upon some or all of the following defenses to this action:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks standing to bring all claims alleged in the Complaint.

### THIRD DEFENSE

Plaintiff has not suffered any damages as a result of the stated claims.

## FOURTH DEFENSE

Plaintiff's claims for liability are barred in whole, or in part, by ERISA § 408, and the statutory, class, and other exemptions granted by the Secretary of Labor.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole, or in part, because any loss suffered by Plaintiff was not caused by the fault or wrongdoing of the Defendant or persons or entities over which the Defendant has responsibility or control.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent she has failed to mitigation any losses.

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction to decide this case because Plaintiff's claims are subject to an arbitration agreement.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of release, waiver, and/or estoppel.

Wilmington Trust here by gives notice of its intent to rely upon additional defenses that may become known to Wilmington Trust through the course of discovery in this matter and hereby reserve the right to amend this answer to include the same.

WHEREFORE, having fully answered, Wilmington Trust requests judgment as follows:

(i)     Dismiss the Complaint with prejudice;

(ii)    Award Wilmington Trust its reasonable costs and attorneys' fees incurred in responding to the Complaint and defending against Plaintiff's claims; and

    (iii)    Award Wilmington Trust such other and further relief as this Court deems just, equitable, and proper.

        Respectfully submitted,

        */s/ Caroline H. Gentry*
        Caroline H. Gentry, Trial Attorney (0066138)
        PORTER WRIGHT MORRIS & ARTHUR LLP
        Fifth Third Center
        One South Main Street, Suite 1600
        Dayton, OH 45402
        Telephone:   (937) 449-6748 (phone)
        Telecopier:   (937) 449-6820 (fax)
        Email: cgentry@porterwright.com

        *Trial Attorney for Wilmington Trust, N.A.*

        Michael J. Prame (*pro hac vice*)
        GROOM LAW GROUP, CHARTERED
        1701 Pennsylvania Avenue, NW
        Washington, DC 20006
        Telephone:   (202) 861-6633 (phone)
        Telecopier:   (202) 659-4503 (fax)
        Email:   mprame@groom.com

        Sarah L. Martin (*pro hac vice*)
        GROOM LAW GROUP, CHARTERED
        1701 Pennsylvania Avenue, NW
        Washington, DC 20006
        Telephone:   (202) 861-0176 (phone)
        Telecopier:   (202) 659-4503 (fax)
        Email:   smartin@groom.com

        *Attorneys for Wilmington Trust, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I filed a copy of the foregoing *Answer* with the Court's CM/ECF system, which will serve a copy of such filing on all counsel of record.

> */s/ Caroline H. Gentry*
> Caroline H. Gentry
> *Trial Attorney for Wilmington Trust, N.A.*

DMS/11527263v.1