**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | |
|---|---|
| WILMA BROWN, on behalf of the HENNY PENNY CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN, and on behalf of a class of all other persons similarly situated, | CASE NO. 3:17-cv-250-WHR |
| Plaintiff, | Judge Walter H. Rice |
| v. | |
| WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, | |
| Defendant. | |

**STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION**
**AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, discovery proceedings in the above-captioned action (the "Litigation") will necessarily involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive, or otherwise nonpublic information;

THE PARTIES HEREBY STIPULATE AND AGREE, pursuant to Federal Rule of Civil Procedure 26(c), through their undersigned counsel and subject to the approval of the Court, that this Stipulation And Order For The Production And Exchange Of Confidential Information (the "Stipulation") will govern the handling of documents, electronically stored information ("ESI"), deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information

1

contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in the Litigation.

1. **"Confidential" Discovery Material**. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material"). For purposes of this Stipulation, Discovery Material considered to be Confidential Discovery Material includes, but is not limited to, all non-public materials containing information related to commercial, strategic, financial, personal, business, and/or other proprietary information.

2. Confidential Discovery Material includes not only the material defined in paragraph 1, but also (1) any information copied or extracted from that material; (2) all copies, excerpts, summaries, or compilations of that material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Discovery Material. However, the protections conferred by this Stipulation do not cover information that is in the public domain or becomes part of the public domain through no breach of this Stipulation. Any use of Confidential Discovery Material at trial or at depositions in this case will be in accordance with paragraph 6 below.

3. **Manner of Designation**. The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

    a. In the case of documents, ESI, or other materials (apart from depositions or other pretrial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of

electronically stored information produced in native format, by including

"Confidential" in the file or directory name, or by affixing the legend

"Confidential" to the media containing the Discovery Material (*e.g.*, CD-Rom,

Floppy Disk, DVD).

b. In the case of depositions or other pretrial testimony: (i) by a statement on the

record, by counsel, at the time of such disclosure or before the conclusion of the

deposition or testimony; or (ii) by written notice, sent to all Parties within ten (10)

business days after the deposition or other pretrial testimony; provided that only

those portions of the transcript designated as Confidential Discovery Material

shall be deemed Confidential Discovery Material. The Parties may modify this

procedure for any particular deposition or other pretrial testimony, through

agreement on the record at such deposition or testimony, without further order of

the Court.

4. **Good Faith Basis**. The designation of Discovery Material as Confidential

Discovery Material shall constitute a representation that such Discovery Material has been

reviewed by an attorney representing the Producing Party making the designation, and that there

is a good faith basis for such designation.

5. **Inadvertent Failure to Designate**. The inadvertent failure to designate Discovery

Material as Confidential Discovery Material shall not constitute a waiver of such claim and may

be corrected. A Producing Party may designate as Confidential any Discovery Material that has

been produced by a Party or a non-Party and was not designated as Confidential when produced,

including Discovery Material that a Producing Party inadvertently failed to designate as

Confidential, by (i) supplemental written notice designating such Discovery Material as

3

Confidential Discovery Material or (ii) in a manner consistent with Paragraph 3. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) to ensure that any such Discovery Material, and any information derived there from, is used solely for the purposes described in Paragraph 8 of this Stipulation and Order.

6. **Use of Confidential Discovery Material**. Confidential Discovery Material shall not be used, or disclosed to any person or entity, except as authorized under this Stipulation. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

  a. Outside counsel who represent Parties in the Litigation, and the partners, associates, paralegals, assistants, secretaries, clerical, regular, and temporary

4

employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

b. Experts or consultants assisting counsel for the Parties with the Litigation, and partners, associates, paralegals, assistants, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation, subject to the terms of paragraph 7 below;

c. Witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation;

d. The in-house counsel, directors, officers, and employees of the Parties who are assisting with or making decisions concerning the Litigation;

e. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

f. The Court, persons employed by the Court, and court reporters, stenographers, and videographers transcribing or recording any hearing or deposition in the Litigation or any appeal therefrom;

g. Any mediator agreed to by the Parties or who is assigned by the Court to hear this matter, and his or her staff, subject to their written agreement to maintain the confidentiality to the same degree as required by this Stipulation; provided, however, that neither a magistrate judge who may serve as a mediator nor his or her staff need sign a written confidentiality agreement;

h. Graphics, translation, and design personnel who are not employees of a Party, having first agreed in writing to be bound by the provisions of the Stipulation by signing a copy of Exhibit A; and

i. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed.

To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or other pre-trial proceeding, either Party may exclude any person from the deposition or other proceeding during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

7. **Procedure for Approving or Objecting to Disclosure of Protected Discovery Material to Experts or Consultants**. Notwithstanding paragraph 6(b) above, Confidential Discovery Material may be provided to persons falling within paragraph 6(b) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant is using said Confidential Discovery Material solely in connection with the Litigation, and further provided that, prior to the disclosure of any Confidential Discovery Material to such expert or consultant, such expert or consultant agrees in writing to be bound by the provisions of the Stipulation by signing a copy of Exhibit A; except that any person appropriately designated pursuant to paragraph 6(b) is not required to sign Exhibit A: (i) to furnish electronic discovery services; (ii) to provide assistance as a jury or trial consultant, mock juror, or focus group member; or (iii) to assist an outside independent expert or consultant.

6

8.     **Limitation on Use**. Confidential Discovery Material shall be used solely for purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is part of public record or becomes part of the public record through no breach of the Stipulation.  To the extent practicable, every person to whom Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part in connection with the Litigation shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder.  Each such person shall endeavor to maintain the Confidential Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

9.     **Filing Protected Discovery Material**. For any document to be filed with the Court in the Litigation that discloses, summarizes, describes, characterizes or otherwise communicates Confidential Discovery Material (a "Proposed Filing Under Seal"), the parties shall file a joint motion for leave to file the document under seal, in accordance with the Local Civil Rules of the United States District Court for the Southern District of Ohio and Sixth Circuit precedent.  The Party seeking to file the Proposed Filing Under Seal shall prepare, no later than seven (7) days before the due date for the filing, a first draft of the joint motion for leave to file the document under seal.  If a motion for leave to file a document under seal is granted, the document shall be filed under seal in accordance with the Local Civil Rules of the United States District Court for the Southern District of Ohio.  In the interim, a redacted version of the Proposed Filing Under Seal, with redactions prepared by the Producing Party, shall be filed.

7

10.     **Challenging Designation of Protected Discovery Material**. During the pendency of the Litigation, any Party may object to the designation of any Discovery Material as Confidential Discovery Material. After the Parties have made a good faith effort to resolve any such objection in accordance with S.D. Ohio R. 37.1 and this Court's Standing Orders, the Producing Party may move for a protective order to maintain the designation of any Discovery Material as Confidential Discovery Material in accordance with the procedure for discovery disputes set forth in the Court's Scheduling Order. While such a motion is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material under this Stipulation. The Producing Party asserting that the Discovery Material in question is Confidential Discovery Material shall have the burden of proving that the Discovery Material warrants the protection afforded by (and the particular designation made pursuant to) this Stipulation, Rule 26(c), or other applicable law.

11.     **No Admissions by the Parties**. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material, or otherwise complying with the terms of this Stipulation shall not:

   a.   Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

   b.   Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

   c.   Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material;

8

    d.   Prejudice in any way the rights of any Party (i) to petition the Court for a further

protective order relating to any purportedly Confidential Discovery Material; or

(ii) to seek a determination by the Court whether any Discovery Material or

Confidential Discovery Material should be, or not be, subject to the terms of this

Stipulation; or

    e.   Prevent any Party from agreeing to alter or waive the provisions or protections

provided herein with respect to any particular Discovery Material.

    12.    **No Restriction on Use of Party's Own Discovery Material**. This Stipulation

has no effect upon, and shall not apply to, a Party's use or disclosure of its own Discovery

Material for any purpose.  Nothing herein shall:  (i) prevent a Party from disclosing its own

Discovery Material; or (ii) impose any restrictions on the use or disclosure by a Party of

documents, materials, or information designated as Confidential Discovery Material obtained

lawfully by such Party independently of the discovery proceedings in the Litigation, and not

otherwise subject to confidentiality restrictions.

    13.    **Fed. R. Evid. 502(d)**. Pursuant to Fed. R. Evid. 502(d), the attorney-client

privilege, work-product protection, and/or any other privileges or immunities under Ohio or

Federal law are not waived by any disclosure, whether inadvertent or otherwise, of Discovery

Material connected with the Litigation pending before this Court—in which event the disclosure

is also not a waiver in any other federal or state proceeding.  For example, the mere production

of privileged or work-product-protected documents in this case as part of a mass production is

not a waiver in this case or in any other proceeding.

    a.   A party making a claim of inadvertent production of Discovery Material protected

by attorney-client privilege, work product, and/or any other privileges or

immunities under Ohio or Federal law is entitled to the return of such Discovery Material upon demand without a showing of good cause, or that the Discovery Material qualifies as an "Inadvertent Disclosure" under Fed. R. Evid. 502(b).

b.  If a demand for return of such Discovery Material is made in writing, pursuant to this Stipulation, with respect to such Discovery Material then in the custody of another Party, the Party possessing such Discovery Material shall:  (i) immediately refrain from any further examination or disclosure of the Discovery Material; and (ii) within five (5) business days of receipt of the demand, return the Discovery Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or confirm in writing the destruction of all such Discovery Material (including summaries and excerpts).

c.  This Stipulation does not preclude a Party from voluntarily waiving the attorney-client privilege or work-product protection with respect to any particular Discovery Material.

14.  **No Waiver**. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

15.  **Third Parties**. In the event additional Parties join or are joined in the Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.  Any non-Party who is also a Producing Party shall have the benefit of this Stipulation, and shall be entitled to enforce its terms, if such non-Party agrees to be bound hereby.

16.     **Immediate Effect**. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation had been entered by the Court.

17.     **Destruction Upon Termination of Litigation**. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of the Litigation, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (ii) make a good faith and reasonable effort to destroy all such Confidential Discovery Material, and represent that fact in writing to counsel for the Producing Party; however, counsel may retain complete copies of all pleadings and hearing and trial transcripts, including any exhibits attached thereto, for archival purposes subject to the provisions of this Order.

18.     **Use of Protected Discovery Material in Court Proceedings**. In the event that any Confidential Discovery Material is used in any proceeding in the Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use unless such Discovery Material becomes part of the public record through no breach of this Stipulation. Prior to any Court proceeding in which Confidential Discovery Material is to be used, outside counsel who represent the Parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

19.     **Third Party Requests for Production of Protected Discovery Material**. If any person in possession of Confidential Discovery Material (the "Recipient") receives a subpoena or

11

other compulsory process seeking the production or other disclosure of such Confidential

Discovery Material, the Recipient shall give counsel for the Producing Party (or Producing

Parties) written notice by email and telephone notice within five (5) business days of receipt of

such subpoena or other compulsory process, identifying the Confidential Discovery Material

sought and enclosing a copy of the subpoena or other compulsory process. If the Producing

Party timely seeks a protective order, the Recipient shall not produce the Confidential Discovery

Material called for prior to receiving a court order or the consent of the Producing Party. The

Producing Party shall be solely responsible for asserting and pursuing any further objection to

the requested production. Nothing herein shall be construed as requiring the Recipient or anyone

else covered by this Stipulation to challenge or appeal any order requiring production of

Confidential Discovery Material covered by this Stipulation, to subject itself to any penalties for

non-compliance with any legal process or order, or to seek any relief from this Court. In the

event that such Discovery Material containing Confidential Discovery Material is produced to

the non-Party, such material shall still be treated in accordance with the designation as

Confidential Discovery Material by the Parties to this Stipulation.

20.     **Discovery From Experts or Consultants**. Absent good cause, drafts of reports

of testifying experts, and reports, including drafts, of consulting experts, shall not be

discoverable. Reports and materials exempt from discovery under this paragraph and Fed. R.

Civ. P. 26(b)(4) shall be treated as privileged attorney work product for the purposes of this case

and Stipulation.

21.     **Right to Seek Further Relief**. Nothing in this Stipulation shall preclude any

Party from seeking judicial relief, upon notice to every other Party, with regard to any provision

hereof.

12

22. **Other Proceedings**. By entering this Order and limiting the disclosure of information in the Litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose a Producing Party's Confidential Discovery Material shall promptly notify the Producing Party of the motion so that the Producing Party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated: September 30, 2019

By: */s/ Brian Murphy*
Brian K. Murphy
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, Ohio 4312
Telephone: (614) 488-0400
Fax: (614) 488-0401
murphy@mmmb.com

Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick O. Muench (*pro hac vice*)
BAILEY & GLASSER LLP
1055 Thomas Jefferson St., N.W.
Suite 540
Washington, D.C. 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

*Attorneys for Plaintiff Wilma Brown*

By: */s/ Caroline Gentry*
Caroline H. Gentry
PORTER WRIGHT MORRIS & ARTHUR
LLP
One South Main Street
Suite 1600
Dayton, OH 45402
Telephone: (937) 449-6748
cgentry@porterwright.com

Michael J. Prame (*pro hac vice*)
Mark C. Nielsen (*pro hac vice*)
Sarah M. Humble (*pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W., Suite 1200
Washington, D.C. 20006
Telephone: (202) 857-0620
Fax: (202) 659-4503
mprame@groom.com
mnielsen@groom.com
shumble@groom.com

*Attorneys for Defendant Wilmington Trust, N.A.*

13

SO ORDERED, this _____ day of _____, 2019.

The Honorable Walter H. Rice

14

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | |
|---|---|
| WILMA BROWN, on behalf of the HENNY PENNY CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN, and on behalf of a class of all other persons similarly situated, | CASE NO. 3:17-cv-250-WHR |
|       Plaintiff, | Judge Walter H. Rice |
| v. | |
| WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, | |
|       Defendant. | |

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

I have read the Stipulation And Order For The Production And Exchange Of Confidential Information (the "Stipulation") in the above-captioned action. I understand its terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio for purposes of enforcement of the Stipulation. I further agree not to disclose or use any Confidential Discovery Material (as defined in the Stipulation) or the contents of such Confidential Discovery Material for purposes other than those permitted under the Stipulation.

As soon as practical, but no later than sixty (60) days after final termination of this action, I shall return to the attorney from whom I have received it, any Confidential Discovery Material,

15

and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such

Discovery Material.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

                               Print Name: